DIAMOND McCARTHY LLP
Charles M. Rubio
Sheryl P. Giugliano
295 Madison Ave, 27th Floor
New York, NY 10017
Tel: (212) 430-5400
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to Ponderosa-State Energy, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC         Case No. 19-13011 (JLG)

    Debtor.                                            Chapter 11

--------------------------------------------------------x

PONDEROSA-STATE ENERGY, LLC

    Plaintiff                                          Adv. No. 19-_____ (___)

    v.

SIGNAL DRILLING, LLC,

JATEN OIL COMPANY and

RIPARIA, LC

    Defendants.
--------------------------------------------------------x

# COMPLAINT FOR DECLARATORY JUDGMENT
# AND BREACH OF CONTRACT

Ponderosa-State Energy LLC ("Ponderosa" or the "Plaintiff") brings this adversary proceeding against Signal Drilling, LLC ("Signal"), Jaten Oil Company ("Jaten") and Riparia, LC ("Riparia" and together with Signal and Jaten, the "Defendants") for declaratory judgment and breach of contract.

**INTRODUCTION**

1. Ponderosa, Jaten and Riparia are parties to the Canadian River Mineral Boundary Agreement (the "CRMBA").[1] Ponderosa's claims in this adversary proceeding arise from the CRMBA.

2. The CRMBA is an agreement dated effective January 1, 2002, by and among Ponderosa, as the successor to J.M. Huber Corporation, the State of Texas, Jaten, Ripaira, and other mineral owners adjacent to the Canadian River who have elected to be subject to the CRMBA. The CRMBA is recorded in the Official Public Records of Hutchinson County, Texas at Vol 1236, Page 35 et seq.

3. The State of Texas is the owner of the oil, gas and mineral rights in the riverbed of the Canadian River. The construction of the Sanford Dam on the Canadian River impeded the flow of the water of the Canadian River to the east of the dam. As a result, the State of Texas and the mineral owners adjacent to the Canadian River had disputes regarding the boundary of the Canadian River. The CRMBA resolves this dispute. The parties to the CRMBA agreed to the location of the riverbed of the Canadian River (the "Agreed Riverbed") in which the State of Texas owns oil, gas and mineral interests. Ponderosa is an assignee of the lessee of these oil, gas and mineral interests.

4. The Defendants are plaintiffs in a lawsuit styled *Signal Drilling, LLC, Jaten Oil Company, Riparia, LC v. New-Tex Operating, New-Tex Petroleum II, LP, NTP General II, LLC, New-Tex Operating II, LLC, Haymaker Oil and Gas, LLC, Beau Kelley, Joseph Kelley, Sandra Brown, Paul Hayner, Michael Cannon, Green Bank, N.A., DND Oil, Inc., Ponderosa Operating, LLC, Ponderosa Energy, LLC, Ponderosa-State Energy, LLC, Texas General Land Office, George*

---

[1] A copy of the CRMBA is attached hereto as **Exhibit A**

*P. Bush, in his official capacity as Texas Land Commissioner, and the State of Texas*, cause number 41,971 (the "State Court Lawsuit") pending in the 84th Judicial District Court of Hutchinson County, Texas (the "State Court").

5. In the State Court Lawsuit, the Defendants allege that the oil and gas lease entered by the State of Texas in connection with the CRMBA (the "Amended State Lease") terminated in 2012. The Defendants argue that as a result of this alleged termination, certain provisions in the CRMBA were invoked that gives the mineral owners adjacent to the Agreed Riverbed (the "Riparian Owners"), including the Defendants, the oil, gas and mineral interests previously owned by the State of Texas in the Agreed Riverbed and the only remaining interest held by the State of Texas is a 3.5% non-participating royalty interest.

6. In 2015, the State of Texas, as lessor, and New-Tex Petroleum II, LP, the predecessor to Ponderosa, as lessee, entered into a renewal of the Amended State Lease, effective December 31, 2011. The Defendants argue in the State Court Lawsuit that because the Defendants are now the alleged owners of the oil, gas and mineral interests in the Agreed Riverbed, the renewal of the Amended State Lease constitutes a governmental taking by the State of Texas.

7. The State Court has not heard any substantive matters concerning the interpretation of the CRMBA. The State of Texas appealed a decision relating to whether the State of Texas has governmental immunity from the lawsuit. This appeal has stayed the underlying proceedings in the State Court.

8. Ponderosa seeks entry of a declaratory judgment that the State of Texas continues to own the oil, gas and mineral interests in the Agreed Riverbed. As part of the foregoing, Ponderosa seeks a declaration that there has been no termination or other event that has caused the oil, gas and mineral interests in the Agreed Riverbed to be transferred from the State of Texas to

the Riparian Owners under the CRMBA.

9. Ponderosa also seeks entry of a breach of contract claim against the Defendants for breaching their obligations under the CRMBA. Specifically, the CRMBA provides in relevant part:

> There shall be no break in ownership or the right to possession, and **neither any Riparian Owner nor the State may contend that the Amended State Lease or the Riverbed Leases terminated**, or that any State Lessee waived or lost any of its rights in complying or attempting in good faith to comply with this Agreement to partially substitute the Amended State Lease for the Riverbed Leases as to the lands described in the Amended State Lease.

CRMBA, Section 2 (emphasis added).

10. In the State Court Lawsuit, the Defendants claim that the Amended State Lease terminated in 2012. Therefore, the Defendants breached their obligation to not contend that the Amended State Lease terminated. The State Court Lawsuit has resulted in millions of dollars of damages to Ponderosa. Ponderosa should be entitled to a judgment against the Defendants for these damages.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

12. This is a core proceeding under 28 U.S.C. § 157(b). To the extent necessary, Ponderosa consents to entry of a final order or judgment by this Court.

13. Venue is proper in this Court under 28 U.S.C. § 1409 because Ponderosa's chapter 11 case is pending in this judicial district.

14. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001 and 28 U.S.C. §§ 2201 and 2002.

## PARTIES

15. Ponderosa-State Energy LLC is a Delaware limited liability company formed on

December 16, 2016. Ponderosa is a debtor-in-possession in the above-captioned main bankruptcy case.

16. Signal Drilling, LLC, is a Texas limited liability company who may be served through its registered agent William Lewis Sessions, 14951 Dallas Parkway, Suite 400, Dallas, TX 75254-6859.

17. Jaten Oil Company, is a Texas corporation who may be served through its registered agent Carolyn Gilbert, 112 West 8th Suite 740, Amarillo, TX 79101 USA.

18. Riparia, LC, is a Texas Limited Liability Company who may be served through its registered agent Burk Whittenburg, 600 S. Tyler St., Ste. 1400, Amarillo, TX 79101.

## FACTS

19. The CRMBA is an agreement effective January 1, 2002 by and among Ponderosa, the State of Texas, the Defendants and certain other mineral owners adjacent to the Agreed Riverbed that have elected to be subject to the CRMBA.

20. Ponderosa is the successor in interest to J.M. Huber Corporation under the CRMBA.

21. On information and belief, sometime after January 1, 2012, Jaten entered into an oil and gas lease with Signal Drilling whereby Jaten granted Signal Drilling ("Signal Drilling") the right to prospect for oil and gas in the Agreed Rivered.

22. On June 23, 2015, Signal Drilling commenced the State Court Lawsuit.

23. In the State Court Lawsuit, the Defendants in this adversary proceeding (the plaintiffs in the State Court Lawsuit) have alleged that the Amended State Lease terminated in 2012.

24. In the State Court Lawsuit, the Defendants have argued that as a result of the alleged termination of the Amended State Lease in 2012, Section 11 of the CRMBA have been invoked

5

and Section 11 causes the State of Texas's oil, gas and mineral interests in the Agreed Riverbed to be transferred to the Riparian Owners including the Defendants, subject to a non-participating 3.5% royalty interest by the State of Texas.

25. The State Court Lawsuit has substantially impaired Ponderosa's ability to operate its business.

26. The State Court found that the ownership of the proceeds from the sale of the oil, gas, and minerals produced by Ponderosa from the Agreed Riverbed are disputed and are in danger of being lost or depleted during the pendency of the State Court Lawsuit.

27. On October 6, 2017, the State Court entered an Order appointing Kent Reis as a "Master" (the "Special Master") pursuant to Texas Rule of Civil Procedure 171, for the limited purpose of calculating the monthly reasonable and necessary operating costs of the oil and gas wells located in the Agreed Riverbed, incurred by Ponderosa from and after September 1, 2017, based upon data to be provided by Ponderosa to the Special Master and the Defendants.

28. The State Court ordered that during the pendency of the State Court Lawsuit, Ponderosa shall deposit 21.5% of the "Net Proceeds"[2] into an interest-bearing account to be maintained in the Borger Branch of Amarillo National Bank (the "Royalty Account"). The State Court ordered that no funds may be withdrawn from the Royalty Account without prior written order of the State Court.

29. The State Court also ordered that during the pendency of the State Court Lawsuit, the Debtor open a second interest-bearing bank account (the "Disputed Working Interest Account") and during the pendency of the State Court Lawsuit, deposit into that account 36.75%

---

[2] "Net Proceeds" are defined in the Order as all of the gross proceeds from the sale of "oil, gas, condensate and other hydrocarbon liquids" produced from the Agreed Riverbed, less severance taxes pertaining to those gross proceeds.

(being 49% of 75%) of the "Net Proceeds."

30. Unlike the Royalty Account, the Debtor is permitted to withdraw from the Disputed Working Interest Account 49% of the reasonable and necessary "Operating Costs"[3] of the oil and gas wells located in the Agreed Riverbed, incurred on and after September 1, 2017.

31. The Special Master is tasked with calculating and paying the reasonable and necessary Operating Costs of the oil and gas wells located in the Agreed Riverbed, incurred by the Debtor from and after September 1, 2017.

32. The Special Master (and his consultants) are compensated based upon reasonable and necessary charges, with 51% paid by the Debtor, and 49% paid by the Defendants.

## CLAIM FOR DECLARATORY JUDGMENT

33. All of the preceding paragraphs are incorporated as if restated here.

34. Pursuant to the CRMBA, the State of Texas is the owner of the oil, gas and mineral interests in the Agreed Riverbed defined in the CRMBA.

35. The State of Texas leased its rights to such oil, gas and mineral interest to Ponderosa pursuant to the Amended State Lease.

36. The Defendants claim that as a result of certain events, the State of Texas no longer owns the oil, gas and mineral interests in the Agreed Riverbed and in turn the Amended State Lease is not valid.

37. Ponderosa is entitled to a declaratory judgment to "quiet title" with respect to the ownership of the oil, gas and mineral interests in the Agreed Riverbed pursuant to 28 U.S.C. §§

---

[3] Operating Costs" are defined to include "the reasonable and necessary costs incurred by [the Debtor] to produce and maintain existing wells, but shall not include the cost of drilling, completing equipping a well." In addition, "Operating Costs" include ad valorem taxes assessed against any producing well in the Agreed Riverbed, and to the extent assessed against a royalty interest, 49% of those are to be paid from the Royalty Account (i.e., 51% of those are to be paid by the Debtor).

7

2201 and 2002 declaring that (i) the State of Texas owns the oil, gas and mineral interests in the Agreed Riverbed as defined in the CRMBA; and (ii) no termination of other event has occurred pursuant to the terms of the CRMBA that has caused the State of Texas to lose its oil, gas, and mineral interests in the Agreed Riverbed.

## CLAIM FOR BREACH OF CONTRACT

38. All of the preceding paragraphs are incorporated as if restated here.

39. Ponderosa and the Defendants are parties to the CRMBA. The CMBA is a valid and enforceable contract.

40. Under the CRMBA, the Defendants agreed not to contend that the Amended State Lease has terminated.

41. The Defendants breached the CRMBA by alleging in the State Court Lawsuit that the Amended State Lease has terminated.

42. Ponderosa is entitled to damages to be proved at trial of (a) the damages caused by the Defendants' breach of the CRMBA; (b) reasonable attorney's fees to the extent permitted by law; and (c) such other relief as the Court may award in equity or at law.

## ATTORNEY'S FEES

43. All of the preceding paragraphs are incorporated as if restated here.

44. Ponderosa is entitled to reasonable attorney's fees, expenses and costs of court incurred in connection with this adversary proceeding as authorized by Tex. Bus. & Com. Code § 24.013; Tex. Civ. Prac. & Rem. Code §§ 37.009 and 38.001; and any other applicable law.

## PRAYER FOR RELIEF

Ponderosa respectfully request that this Court enter judgment in favor of Ponderosa and against the Defendants as follows:

    a. Entry of a declaratory judgment in favor of Ponderosa and against the Defendants declaring the following:

        i. The State of Texas owns the oil, gas and mineral interests in the Agreed Riverbed as defined in the CRMBA; and

        ii. No termination of other event has occurred under the CRMBA that has caused the State of Texas to lose its oil, gas, and mineral interest in the Agreed Riverbed.

    b. Entry of a judgment in favor Ponderosa and against the Defendants finding that the Defendant's breached their obligations under the CRMBA and awarding Ponderosa all actual damages caused to Ponderosa arising from such breach.

    c. Any and all pre- and post-judgment interest due; and

    d. All other relief to which Ponderosa may be entitled at law or in equity.

Dated: New York, New York  
       September 18, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*  
Charles M. Rubio  
Sheryl P. Giugliano  
295 Madison Ave., 27th Fl.  
New York, NY 10017  
Tel: (212) 430-5400  
crubio@diamondmccarthy.com  
sgiugliano@diamondmccarthy.com

*Proposed Counsel to*  
*Ponderosa-State Energy, LLC*