**GREENBERG TAURIG, LLP**
Alan J. Brody, Esq.
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 443-3543 (Telephone)
(973) 295-1333(Facsimile)

*Counsel to Jaten Oil Company and Riparia, LC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PONDEROSA–STATE ENERGY, LLC, | Case No. 19–13011 (JLG) |
| Debtor. | |
| PONDEROSA–STATE ENERGY, LLC, | Adversary Proceeding No. 19-1359 (JLG) |
| Plaintiff, | |
| v. | |
| SIGNAL DRILLING, LLC, JATEN OIL COMPANY, and RIPARIA, LC, | |
| Defendants. | |

## ANSWER OF JATEN OIL COMPANY AND RIPARIA, LC

Defendants Jaten Oil Company ("Jaten") and Riparia, LC ("Riparia", and collectively with Jaten, the "Defendants"), by and through their counsel, Greenberg Traurig, LLP, by way of Answer to the Complaint[1] (the "Complaint") filed by Ponderosa–State Energy, LLC (the "Plaintiff") in the above-captioned adversary proceeding, hereby respectfully states as follows:

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Complaint.

## Introduction

1.  Defendants deny Plaintiff is a party to the CRMBA and deny that Plaintiff has standing to assert a claim arising from the CRMBA. Defendants admit Defendants are parties to the CRMBA. Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2.  Defendants deny that Plaintiff is a party to the CRMBA, or a successor to J.M. Huber Corporation. Defendants admit that the State of Texas, Jaten, Riparia and other riparian owners are parties to the CRMBA. Defendants have insufficient information and/or knowledge to admit or deny the remaining allegations contained in paragraph 2 of the Complaint and respectfully leave Plaintiff to their proofs.

3.  Defendants admit that the parties to the CRMBA agreed to the location of the riverbed of the Canadian River (the "Agreed Riverbed"), but deny that the State of Texas owns any oil, gas and mineral interests in the Agreed Riverbed, other than a 3.5% royalty interest. Defendants deny that Ponderosa is an assignee of the lessee of any oil and gas interests in the Agreed Riverbed. Defendants admit the remaining allegations contained in paragraph 3 of the Complaint.

4.  Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.  Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.  Defendants admit they are the owners of the oil, gas and mineral interests in the Agreed Riverbed, subject to the 3.5% royalty interest owned therein by the State of Texas, and the ineffective renewal of the Amended State Lease constitutes a governmental taking by the State of Texas. Defendants state that the remaining allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required and/or Defendants have insufficient

information and/or knowledge to admit or deny the remaining allegations contained in paragraph 6 of the Complaint and respectfully leave Plaintiff to their proofs.

7. Defendants admit that the State of Texas appealed a decision relating to whether the State of Texas has governmental immunity from the lawsuit. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants state that the allegations contained in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. Defendants state that the allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. Defendants admit that, in the State Court Lawsuit, the Defendants claim that the Amended State Lease terminated in 2012. Defendants deny the remaining the allegations contained in paragraph 10 of the Complaint.

### Jurisdiction and Venue

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants have insufficient information and/or knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint and respectfully leave Plaintiff to its proofs.

### Parties

15. Defendants have insufficient information and/or knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint and respectfully leave Plaintiff to its proofs.

16. Defendants have insufficient information and/or knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint and respectfully leave Plaintiff to its proofs.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

## Facts

19. Defendants deny that Plaintiff is a party to the CRMBA. Defendants admit the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that the Amended State Lease terminated in 2012 and that the oil, gas and mineral interests in the Agreed Riverbed were reverted back to the riparian owners, including the Defendants, subject to a 3.5% royalty interest by the State of Texas. Defendants state that the remaining allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required.

25. Defendants have insufficient information and/or knowledge to admit or deny the allegations contained in paragraph 25 of the Complaint and respectfully leave Plaintiff to its proofs.

26. The Defendants admit the State Court entered an order on March 28, 2019, which stated, *inter alia*, "the ownership of the proceeds from the . . . [Agreed Riverbed] is disputed, and said disputed funds are and will be in danger of being lost or depleted during the pendency of the captioned litigation."

27. Defendants state that the allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required.

28.   Defendants state that the allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is required.

29.   Defendants state that the allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required.

30.   Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.   Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.   Defendants deny the allegations contained in paragraph 32 of the Complaint.

### Claim for Declaratory Judgment

33.   Defendants repeat, reiterate and reallege each and every averment contained in paragraphs 1 through paragraph 32 of this Answer with the same force and effect as if fully averred herein.

34.   Defendants state that the allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required.

35.   Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.   Defendants admit the Amended State Lease terminated. The Defendants state that the remaining allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is required.

37.   Defendants deny the allegations contained in paragraph 37 of the complaint.

### Claim for Breach of Contract

38.   Defendants repeat, reiterate and reallege each and every averment contained in in paragraphs 1 through paragraph 37 of this Answer with the same force and effect as if fully averred herein.

39. Defendants deny Plaintiff is a party to the CRMBA. Defendants admit the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

### Attorney's Fees

43. Defendants repeat, reiterate and reallege each and every averment contained in in paragraphs 1 through paragraph 42 of this Answer with the same force and effect as if fully averred herein.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

**WHEREFORE,** Defendants demands judgment against Plaintiff:

(a) dismissing the Complaint;

(b) awarding Defendants all attorneys' fees, costs and disbursements of this action; and

(c) granting Defendants such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff is barred from obtaining the relief sought in the Complaint by application of the doctrines of waiver, laches and estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from obtaining the relief sought in the Complaint by application of the doctrine of unjust enrichment.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is barred from obtaining the relief sought in the Complaint by application of the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff lacks standing to obtaining the relief sought in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is barred from obtaining the relief sought in the Complaint due to lack of jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is barred from obtaining the relief sought in the Complaint by the application of the statute of limitations.

**WHEREFORE,** Defendants demand judgment against Plaintiff:

(a) dismissing the Complaint;

(b) awarding Defendants all attorneys' fees, costs and disbursements of this action; and

(c) granting Defendants such other and further relief as this Court deems just and proper.

Dated:  November 19, 2019
        Florham Park, New Jersey

**GREENBERG TRAURIG, LLP**

By: /s/ Alan J. Brody
Alan J. Brody, Esq.
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 443-3543
Email: brodya@gtlaw.com

Ryan A. Wagner, Esq.
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-3191
Email: wagnerr@gtlaw.com

*Counsel for Jaten Oil Company and Riparia, LC*

47160929v1

8